# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| KENNETH EUGENE POOL,<br><br>    Petitioner,<br><br>vs.<br><br>JOSEPH K. WOODRING,<br><br>    Respondent. | No. C08-2015-LRR<br><br>**ORDER** |

The matter before the court is the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk's Office received and filed such application on March 7, 2008. On the same date, the petitioner submitted a $5.00 filing fee and an application to proceed in forma pauperis.

This case is clearly related to the petitioner's criminal case, that is, *United States v. Pool*, Case No. 6:01-cr-02040-LRR (N.D. Iowa 2003). In that case, judgment entered against the petitioner on March 10, 2003, and the court denied the petitioner's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on January 8, 2007. Before denying the petitioner's motion, the court explained that the petitioner needed to rely on 28 U.S.C. § 2255 to challenge his federal conviction. The petitioner appealed and the Eighth Circuit Court of Appeals summarily affirmed the court's decision on May 3, 2007. In his application for a writ of habeas corpus, the petitioner essentially raises the same arguments that he asserted in his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. As the court previously explained and as the form he recently completed points out, the petitioner may not rely on 28 U.S.C. § 2241 to challenge his federal conviction. Rather, the petitioner must rely on and file an action under 28 U.S.C. § 2255; the petitioner is not entitled to merely renumber his pleadings. Given the petitioner's

refusal to rely on 28 U.S.C. § 2255, it is clear to the court that the petitioner is trying to circumvent the statute of limitation that is applicable to an action filed under 28 U.S.C. § 2255. Accordingly, the petitioner's application for a writ of habeas corpus (docket no. 1) is dismissed. Having determined that it is appropriate to dismiss this action, the court deems it appropriate to deny as moot the petitioner's application to proceed in forma pauperis (docket no. 2). In the event that the petitioner seeks to appeal the instant order, the court deems it appropriate to deny a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22.

**IT IS SO ORDERED**

**DATED** this 14th day of March, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA